OPINION OF THE COURT
Per Curiam.
The respondent was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on June 26, 2001.
The Grievance Committee served the respondent with a verified petition dated March 22, 2007, a supplemental petition dated May 4, 2007, and a second supplemental petition dated September 20, 2007, containing all together 34 charges of professional misconduct. After a preliminary conference on November 13, 2007 and a hearing held on December 18, 2007, Special Referee Shapiro sustained charges 1-5, 7-9, 11, 12, 14, 15, 19-22, 26, 30 and 32, and dismissed charges 6, 10, 13, 16,17, 25, 27-29, 31, 33 and 34. Charges 18, 23 and 24 were withdrawn. The Grievance Committee now moves to confirm the Special Referee’s report insofar as it sustained the various charges, to *226 disaffirm the report insofar as it dismissed charges 6, 16, 17, 25, 27, 28, 31, 33 and 34, and to impose such discipline as the Court deems just and proper.
Charge 1 alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by failing to promptly comply with the lawful demands of the Grievance Committee during its investigation of four complaints of professional misconduct filed by Cheng Hua Yin, Ben Juan Wu, Lawrence Dworkin, and Susan Palmiro. It is alleged that the respondent failed to timely submit answers to the complaints, submitted illegible handwritten responses, arrived late for scheduled examinations under oath, walked out of an examination while the examination was still in progress, failed to appear for various scheduled examinations under oath, and gave evasive and/or nonresponsive answers while testifying under oath.
Charge 2 alleges that the respondent failed to act competently, in violation of Code of Professional Responsibility DR 6-101 (a) (2) and (3) (22 NYCRR 1200.30 [a] [2], [3]), by engaging in inadequate preparations and/or neglecting a legad matter entrusted to him by Cheng Hua Yin. It is alleged that on or about September 8, 2004, the respondent signed a consent to change attorneys form, making the respondent the attorney of record for the plaintiff in an action entitled Cheng Hua Yin v Wang & Lee, index No. 78398, New York City Civil Court; that the respondent never communicated with Cheng Hua Yin either before or after signing the form; that the respondent was paid $500 by Dennis Lan, the attorney who referred the case to the respondent, for services the respondent was to render; that the respondent thereafter filed a notice of motion to admit late service regarding one of the defendants in the action, which was returnable on October 13, 2004; that the respondent did not appear in court on October 13, 2004; and that as a result of the respondent’s failure to appear, the motion was denied.
Charge 3 alleges that the respondent failed to act competently, in violation of Code of Professional Responsibility DR 6-101 (a) (2) and (3) (22 NYCRR 1200.30 [a] [2], [3]), by engaging in inadequate preparations and/or neglecting a legal matter entrusted to him by Cheng Hua Yin. It is alleged that on or about December 15, 2004, the respondent was unaware of the status of the motion he had filed and had conducted no discovery in the action; that the respondent filed a false notice of trial readi *227 ness as a ploy to force the defendants to settle; that the respondent failed to appear on March 1, 2005, the adjourned date for the trial; and that as a result of the respondent’s failure to appear, the action was dismissed on default.
Charge 4 alleges the respondent permitted someone other than his client to improperly influence his independent professional judgment on behalf of his client, in violation of Code of Professional Responsibility DR 5-107 (b) (22 NYCRR 1200.26 [b]), by permitting the attorney who recommended the client to the respondent to direct or regulate the legal services rendered by the respondent without discussing the same with his client. It is alleged that the respondent, in the course of his representation of Cheng Hua Yin, never communicated directly with him, that the respondent routed all communications to and from Cheng Hua Yin through Dennis Lan; and that the respondent was paid by checks issued by Dennis Lan.
Charge 5 alleges that the respondent engaged in conduct prejudicial to the administration of justice and/or other conduct that adversely reflected on his fitness as lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by failing to timely appear on one or more return dates, scheduled at the respondent’s request, in the Cheng Hua Yin matter, as set forth in charges 2 and 3.
Charge 7 alleges that the respondent failed to act competently, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]), by engaging in inadequate preparations and/or neglecting a legal matter entrusted to him by Ben Juan Wu. It is alleged that in or about October 2004, Dennis Lan referred Ben Juan Wu to the respondent for representation regarding a custody and visitation matter; that the respondent met Ben Juan Wu and Dennis Lan to discuss the relief she sought and Ben Juan Wu provided the respondent with the necessary paperwork for filing the appropriate application for relief; and that the respondent failed to file the application for relief sought by Ben Juan Wu until on or about March 31, 2005—some five months later.
Charge 8 alleges the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to comply with the requirements of 22 NYCRR 1400.1, 1400.2 and 1400.3. It is alleged that the respondent failed to provide Ben Juan Wu with a statement of client rights and responsibilities or have her execute a retainer agreement, *228 as required by 22 NYCRR 1400.1, 1400.2 and 1400.3, prior to undertaking his representation of Ben Juan Wu in the custody and visitation matter.
Charge 9 alleges that the respondent failed to act competently, in violation of Code of Professional Responsibility DR 6-101 (a) (2) and/or (3) (22 NYCRR 1200.30 [a] [2], [3]), by engaging in inadequate preparations and/or neglecting a legal matter entrusted to him by Lawrence Dworkin on behalf of Dworkin Construction. It is alleged that between on or about October 15, 2002 and on or about June 17, 2003, Dworkin Construction (hereinafter DCC) retained the respondent to handle a construction dispute entitled Dworkin Construction v Pirraglia-, that the respondent filed a summary judgment motion which resulted in the dismissal of the action; that DCC thereafter retained the respondent to file and perfect an appeal from the dismissal; and that the respondent failed to timely perfect the appeal.
Charge 11 alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by failing to pay a money judgment entered against him. It is alleged that in or about June 2005, DCC commenced an action against the respondent in Bronxville Village Justice Court to recover the money it had paid the respondent for legal services; that the respondent initially requested an adjournment but then failed to appear for the adjourned trial date; that in or about July 2005, a default judgment in the sum of $1,191 was entered in favor of DCC and against the respondent; and that the respondent has not satisfied the judgment, successfully vacated the judgment, or appealed from the judgment.
Charge 12 alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and/or conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]), by submitting misleading documents to the Bronxville Village Justice Court. It is alleged that in or about July 2006, the respondent filed two motions to vacate the default judgment in the Bronxville Village Justice Court; and that in an order dated August 15, 2006, the Bronx-ville Village Justice Court denied the motions, finding that the respondent had misled the court in his two submissions and had failed to articulate a meritorious defense to the claim.
Charge 14 alleges that the respondent failed to act competently, in violation of Code of Professional Responsibility DR *229 6-101 (a) (2) and (3) (22 NYCRR 1200.30 [a] [2], [3]), by engaging in inadequate preparations and/or neglecting a legal matter entrusted to him by Susan Palmiro. It is alleged that in or about August 2004, Susan Palmiro and her spouse hired the respondent to represent them in a medical malpractice action; that the respondent knew or should have known the Palmiros did not have a second doctor’s opinion confirming their ostensible theory of liability; that the respondent filed a malpractice action against a physician without the required certificate of merit; that the respondent was given numerous adjournments up to and including on or about April 24, 2006 to obtain and file the required certificate of merit; and that as a result of the respondent’s failure to act, the action by the Palmiros was ultimately dismissed.
Charge 15 alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to comply with 22 NYCRR 691.20. It is alleged that the respondent failed to file either a retainer statement or closing statement for the Palmiros’ medical malpractice action with the New York State Office of Court Administration (hereinafter OCA).
Charge 19 alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by failing to comply with his obligation under Judiciary Law § 468-a and 22 NYCRR 118.1 to reregister as an attorney and counselor-at-law with OCA. Specifically, it is alleged that the respondent failed to timely reregister as an attorney with OCA for the 2007-2008 period.
Charge 20 alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by repeatedly failing to timely appear in an action entitled People v Donoso, index No. 2915/06, in Supreme Court, New York County. It is alleged that prior to September 8, 2006, the respondent was retained to represent Jean Paul Donoso; that the respondent either arrived late for court appearances, failed to appear in court when proceedings were scheduled and/or in progress on at least five different dates, or failed to timely advise the court that he would be unavailable on the dates in question; and that as a result of the respondent’s failure to appear, the court was forced to declare a mistrial.
*230 Charge 21 alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]), by repeatedly failing to appear in court on behalf of Donoso in the aforementioned case. Charge 21 is based on specifications alleged in charge 20.
Charge 22 alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), by making false and misleading statements on a background questionnaire submitted to the Grievance Committee in connection with its investigation of a complaint of professional misconduct. It is alleged that in an order dated January 25, 2007, Supreme Court Justice Gregory Carro sanctioned the respondent in the amount of $1,000 for failing to appear on four different dates in the matter People v Donoso-, that the order resulted in a sua sponte investigation by the Grievance Committee; that the respondent was forwarded a background questionnaire to fill out under a March 2, 2007 cover letter requesting the respondent to respond to the complaint and the questionnaire; and that on or about April 18, 2007, the respondent submitted a response, answering “No” to question No. 9 which asked him whether he had ever been directed to pay sanctions or costs.
Charge 26 alleges that the respondent engaged in the unauthorized practice of law, in violation of Code of Professional Responsibility DR 3-101 (b) (22 NYCRR 1200.16 [b]), by initiating a legal action at a time when he knew or should have known that his license to practice law had been suspended. It is alleged that by decision and order on motion of this Court dated July 18, 2007, the respondent was suspended from the practice of law; that the respondent was aware of his suspension by or before July 23, 2007; and that on July 24, 2007, the respondent initiated the matter of Grundman v Righi & Houlihan, under Westchester County index No. 13314-07, as attorney for Mr. and Mrs. George Grundman, by serving and filing a summons and notice of pendency in the Supreme Court, Westchester County.
Charge 30 alleges that the respondent engaged in dishonesty, fraud, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), by holding himself out as a licensed attorney to a bank official in order to open a bank account, at a time when he knew or should have known that his license to practice law had been suspended.
*231 Charge 32 alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]), based on his conviction on or about August 27, 2007, in the Village of Bronxville, New York, for the crime of aggravated unlicensed operation of a motor vehicle, in violation of Vehicle and Traffic Law § 511, an unclassified misdemeanor.
At the hearing, the Grievance Committee did not call any witnesses. Its case consisted entirely of documentary evidence, much of which was admitted into evidence by stipulation without objection. The documentary evidence consisted of, inter alia, the individual complaints filed with the Grievance Committee, correspondence and answers in response thereto, transcripts of testimony by the respondent at investigative appearances before the Grievance Committee, and other various court filings and orders. The evidence, which numbered 1 through 75, in many instances included multiple attachments.
The respondent appeared pro se at the hearing. He was the sole witness for his case. At the outset, the respondent admitted that he had been convicted of aggravated unlicensed operation of a motor vehicle. He stated that he was “prepared to respond no contest to the vast majority of the factual allegations,” by which he meant he was admitting to the vast majority of the factual allegations.
Based on the respondent’s admissions and the evidence adduced at the hearing, we find that charges 1-5, 7-9, 11, 12, 14, 15, 19-22, 26, 30 and 32 were properly sustained. Accordingly, the Grievance Committee’s motion to confirm and disaffirm is granted to the extent that charges 1-5, 7-9, 11, 12, 14, 15, 19-22, 26, 30 and 32 are sustained, and the motion is otherwise denied.
In determining the appropriate measure of discipline to impose, the danger posed by the respondent to the public cannot be overstated. Upon being retained by various clients, the respondent demonstrated clear incompetence or neglect in his handling of their individual cases. Most serious of all, the respondent is unaware of his own failings and their consequences to his clients.
Although afforded an opportunity to do so at the hearing, the respondent declined to offer any evidence to mitigate his behavior by way of a medical or mental condition. The respondent stated explicitly that he accepted full responsibility for his actions.
*232 Under the totality of the circumstances, the respondent is disbarred, effective immediately.
Prudenti, P.J., Mastro, Rivera, Spolzino and Covello, JJ., concur.
Ordered that the petitioner’s motion to confirm in part and disaffirm in part the Special Referee’s report is granted to the extent that charges 1-5, 7-9, 11, 12, 14, 15, 19-22, 26, 30 and 32 are sustained, and the motion is otherwise denied; and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert Tavon, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Robert Tavon, shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert Tavon is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Robert Tavon, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).